SOLÁ *v* THE REGISTRAR OF PROPERTY.

## APPEAL from a decision of the Registrar of Property of Caguas.

No. 4.—Decided March 25, 1905.

JURISDICTION—EXPRESS OR IMPLIED SUBMISSION BY THE PARTIES.—It is a general principle in questions of jurisdiction that a court has cognizance of the suits to which the maintenance of all kinds of actions may give rise when the parties have submitted themselves, either expressly or impliedly, to its jurisdiction, providing that it has jurisdiction in matters of the same nature and in the same instance. This is a principle sanctioned by sections 76 and 77 of the new Code of Civil Procedure.

ID.—DECLARATION OF HEIRS.—In accordance with the aforesaid doctrine, a district court is competent to hear and approve a declaration of heirs brought before it, even if the domicil of the decedent and the real property of the inheritance are not within its district.

ID.—CURABLE DEFECT.—The certificate of a declaration of heirs, issued, with the view of having it recorded in the registry of property, should state whether

the order making the declaration of heirs has become final or not, but the omission of this requisite in the certificate is a curable defect and does not prevent the admission of the certificate to record.

## STATEMENT OF THE CASE.

This is an appeal taken by Attorney Rafael Arce Rollet, on behalf of Celestino Solá Rodríguez and Juana and Domingo Solá y López from a decision of the Registrar of Property of Caguas denying the record of a declaration of heirs.

The District Court of Guayama having declared the intestate heirs of Natalia López Aponte to be her husband Celestino Solá y Rodríguez and her legitimate children, Juana and José Solá y López, in the form and proportion determined by the Civil Code in force, said heirs presented to the Registrar of Property of Caguas a certified copy of the order of declaration of heirs, issued by the secretary of the District Court of Guayama, for record in the said registry of property, which record was denied by the registrar for the reasons set forth in the decision written on the back of said certificate, which reads as follows:

"The record of the foregoing document is denied and by virtue of a document presented a cautionary notice is made in lieu thereof, to be effective during 120 days, at folio 17, of volume 20, of this municipality, estate No. 95 triplicate, entry B, on account of the decision transcribed in the foregoing certificate containing the incurable defect of not having been rendered by the District Court of Humacao, which has jurisdiction of the proceedings, the subject whereof is situated within its district, according to section 75 of the Code of Civil Procedure, inasmuch as the intestate Natalia López Aponte and her heirs had their domicile in this district, where the real property of the inheritance is also located and which is involved in the proceedings for a declaration of heirs which it is sought to record. The Guayama court is without jurisdiction to take cognizance of proceedings to obtain such a declaration of heirs, excepting in cases of presentation or change of the proceedings to this court, such cases being specifically provided for and determined in the said Code, which provisions are not applicable to this case; and even then, in order that such proceedings for the declaration of heirs might affect

the real property mentioned, it would be necessary to comply with the provisions of section 86 of the Code. This certificate also contains a defect subject to correction, in that it does not state that such declaration has become final, by reason of no appeal having been taken therefrom.''

In due time Attorney Rafael Arce Rollet took an appeal from this decision to this court, on behalf of Celestino Solá Rodríguez and Juana and José Domingo y López, seeking a reversal of the decision of the Registrar of Property of Caguas, and the issuance of an order to him to record the document, as also to reimburse to the appellants the cost of the internal revenue stamps cancelled in the decision denying the record, the cost of postage and the fees connected with the taking of the appeal, and any other expenses incurred, in view of the fact that he was responsible for all by virtue of his groundless refusal to make the record requested.

*Mr. Arce,* for appellant.

MR. CHIEF JUSTICE QUIÑONES, after stating the foregoing facts, delivered the opinion of the court.

It is a general principle in matters of jurisdiction that a competent judge to take cognizance of suits to which the maintenance of actions of all kinds may give rise, is the one to whom the litigants expressly or impliedly submit, provided that he has jurisdiction of matters of the same nature and in the same instance, and this principle, established in section 56 of the former Law of Civil Procedure, has been reproduced in sections 76 and 77 of the new Code of Civil Procedure, the former providing that ''In accordance with its jurisdistion, a court shall have cognizance of the suits to which the maintenance of all kinds of actions may give rise, when the parties may have agreed to submit the suit to the decision of such court;'' and the second that: ''The submission shall be understood to be made: 1. By the written agreement of the parties. 2. By the plaintiff through the mere act of applying to the court and filing the complaint. 3. By the de-

fendant when, after his appearance in court, he takes any step other than to request that the trial be held in the proper court.''

Therefore, the parties seeking a declaration of the heirs of the deceased, Natalia López Aponte, having applied therefor to the district judge of Guayama, without such petition having been objected to by any person whatsoever, said judge of Guayama must be considered competent to make the declaration of heirs in question, which being made in accordance with the requirements of sections 2 and 3 of the Mortgage Law, is an instrument subject to record in the registry of property.

While the certificate presented does not state whether the order making the declaration of heirs has become final or not, this is a defect which is subject to correction, and does not prevent the admission of the document to record under the provisions on the subject of the act of the Legislative Assembly of this island of March 1, 1902, in regard to appeals from decisions of registrars of property.

There are no grounds upon which to qualify as frivolous the decision of the Registrar of Property of Caguas denying the record of the certificates in question.

In view of the legal provisions cited and the decision of the Director General of Registries of January 22, 1886, and May 9, 1889, the decision of the Registrar of Property of Caguas, which appears at the foot of the certificate in question, is hereby reversed, and it is held that said document is subject to record, with the defect capable of correction which it contains, no special taxation of costs being made. The document presented, together with a copy of this decision, will be returned to the registrar for compliance herewith and for other proper purposes.

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Wolf did not take any part in the discussion of this case.